# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:18CR00387 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE JAMES G. CARR |
| -vs- | : | |
| | : | |
| STEVEN J. ROBISON, | : | **MOTION TO DISMISS COUNT ONE** |
| | : | |
| Defendant. | : | |

Defendant Steven J. Robison, through counsel, respectfully moves this Court to dismiss the case against him in the form of Count One of the Indictment, because the government failed to make a prima facie showing of essential facts that establish a violation of 18 U.S.C. § 922(a)(6). Specifically, the indictment fails to allege facts that, if proven, would establish that Mr. Robison knowingly made false and fictitious statements in connection with the acquisition of firearms. Without such a showing, Count One of the indictment is insufficient and must be dismissed. A memorandum in support follows.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

s/ *JACQUELINE A. JOHNSON*
JACQUELINE A. JOHNSON
First Assistant Federal Public Defender
Ohio Bar: 0025606
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
jacqueline_johnson@fd.org; claire_cahoon@fd.org

**MEMORANDUM**

**I.     Introduction**

In July 2018, Steven Robison was named in one count of a multi-count indictment, in which the government alleged that he made false and fictitious statements in connection with the acquisition of fifty Anderson AR-15 lower receivers. (Doc. 7, Indict.).[1] The charges stemmed from Mr. Robison's alleged receipt of the lower receivers at co-defendant Richard Rowold's request. Specifically, the government alleged Mr. Robison marked "yes" on a questionnaire to indicate he was the purchaser when Mr. Rowold was the actual purchaser. (Doc. 7, Indict., Page ID 12).

**II.    The Case Against Mr. Robison Must Be Dismissed, As the Indictment Is Constitutionally and Statutorily Deficient.**

The indictment against Steven Robison is not legally sufficient and must be dismissed, as it fails to allege any conduct by Mr. Robison that, if proven, would establish a violation of 18 U.S.C. § 922(a)(6). Generally, an indictment is sufficient if its language tracks the statute. *United States v. Horton*, 580 F. App'x 380, 383 (6th Cir. 2014) (citing *Hamling v. United States*, 418 U.S. 87, 117, (1974)). But in order for an indictment to be legally sufficient, it must assert "facts which in law constitute an offense; and which, if proved, would establish prima facie the defendant's commission of that crime.'" *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000) (citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir.1992)). Statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Landham*, 251 F.3d 1072 (6th Cir. 2001) (quoting *Hamling v. United*

---

[1] The indictment lists the lower receivers as "AM-15"s. (Doc. 7, Indict.). Reports from ATF refer to them as both "AR-15" and "AM-15" lower receivers. (Exhibits A-C, ATF Reports, attached). The receipt from Jaqua's Fine Guns, provided in discovery, lists them as "AR-15" lower receivers. (Exhibit D, Receipt, attached). The term "AR-15" is used in this motion, because it is the description provided by the seller.

2

Case: 3:18-cr-00387-JGC  Doc #: 39  Filed: 03/04/19  3 of 7.  PageID #: 121

*States*, 418 U.S. 87, 117-18 (1974)) (additional citations and quotations omitted). That notice rule is repeated in Federal Rule of Criminal Procedure 7(c)(1), which states an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . .".

    **A.**    **The Indictment Does Not Allege Sufficient Facts to Establish a Violation of 18 U.S.C. § 922(a)(6).**

Here, the indictment allegations as to Count One, even if proven, would not establish a prima facie violation of 18 U.S.C. § 922(a)(6). Under § 922(a)(6), it is unlawful:

> For any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement. . .intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition. . .

The Sixth Circuit has clarified that to sustain a conviction under § 922(a)(6), "the government must prove beyond a reasonable doubt that '(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer.'" *United States v. Morales*, 687 F.3d 697, 700 (6th Cir. 2012) (quoting *United States v. Harvey*, 653 F.3d 388, 393 (6th Cir. 2011)).

    1.    <u>The Facts Alleged in the Indictment Do Not Establish Mr. Robison Acquired or Attempted to Acquire a Firearm</u>.

In Count One, the government alleges that Mr. Robison "falsely answered 'yes' to the question of whether he was the actual purchaser of the firearms, when, in fact, Richard L. Rowold was the actual purchaser. . ." (Doc. 7, Indict., Page ID 12). The firearms alleged in the indictment are "50 Anderson AM-15 lower receivers". (Doc. 7, Indict., Page ID 12).

3

But an Anderson lower receiver is not a firearm as defined by law. Under 18 U.S.C. § 921(a)(3), the definitional statute for § 922, a firearm means, in pertinent part, "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) **the frame or receiver** of any such weapon. . ." (emphasis added). The statute does not define the term "receiver."

However, the Code of Federal Regulations' "firearms and ammunition" subchapter, which articulates the Bureau of Alcohol, Tobacco, Firearms and Explosives' (ATF) authority, does include a definition of "receiver." That definition relates back to § 921. *United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017); United *States v. Jimenez*, 191 F. Supp. 3d 1038, 1040 (N.D. Cal. 2016). *See United States v. Black*, 739 F.3d 931, 935 (6th Cir. 2014) (recognizing 27 C.F.R. § 479.11 as the definitional statute for firearm offenses in the context of 26 U.S.C. § 5846).

Under 27 C.F.R. § 479.11, the definition of a frame or receiver is "[t]hat part of a firearm which provides housing for **the hammer, bolt or breechblock and firing mechanism**, and which is usually threaded at its forward portion to receive the barrel." (emphasis added). In essence, the definition requires three things: a hammer, a bolt or breechblock, and a firing mechanism. It also requires that the receiver be threaded at its forward portion to receive the barrel. But an Anderson AR-15 lower receiver does not satisfy this definition.

Daniel O'Kelly is a former ATF special agent with extensive experience in firearms and their mechanics, manufacturing, repair, and operation. (Exhibit E, O'Kelly Resume, attached). Mr. O'Kelly reviewed the ATF reports and purchase receipt for the lower receivers in this case. (Ex. F, O'Kelly Report, attached). According to Mr. O'Kelly's expertise, an AR-15 "does not house the bolt or breechbolt." *Id.* at p. 2. Rather, that part is housed in the upper receiver, which Mr. Robison is not alleged to have purchased. *Id.* Mr. O'Kelly explains, "Further, an AR-15 lower

4

received is not threaded at its forward portion to receive the barrel. To the contrary, it doesn't receive the barrel at all." *Id.*

The Northern District of California dismissed a case under § 922(o) and 26 U.S.C. § 5861(d) where the defendant possessed only lower receivers. *Jimenez*, 191 F. Supp. 3d at 1045. The *Jimenez* court found that the defendant did not have sufficient notice that his possession of lower receivers constituted possession of a firearm, because the lower receivers did not satisfy the statutory definition of a firearm. *Id.* 1041, 1045. As a result, the court found the criminal statutes at issue to be unconstitutionally vague as applied. The court interpreted 27 C.F.R. § 479.11 to mean "a receiver must have the housing of three elements: hammer, bolt or breechbolt, and firing mechanism" *Id.* at 1041.

Here, an Anderson AR-15 lower receiver only includes two of the four aspects required by 27 C.F.R. § 479.11: a hammer and a firing mechanism. It does not include a bolt or breechbolt, and it is not threaded at its forward portion. As Mr. O'Kelly explained, "The other two features are found in the upper receiver, which ATF does not consider to be a firearm." *Id.* Because the lower receivers Mr. Robison is alleged to have received do not meet the definition of a firearm, they cannot serve as the basis for a conviction under § 922(a)(6) – even if the facts alleged in the indictment are proven.

5

**III.     Conclusion**

Because the government has not alleged facts that, if proven, would make a facial showing of criminal conduct in violation of 18 U.S.C. § 922(a)(6), this Court must dismiss the case against Mr. Robison. In the alternative, if this Court is not prepared to grant relief on this Motion, a hearing should be held.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

s/ *JACQUELINE A. JOHNSON*
JACQUELINE A. JOHNSON
First Assistant Federal Public Defender
Ohio Bar: 0025606
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar: 0082335
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4421
jacqueline_johnson@fd.org; claire_cahoon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                          s/ *JACQUELINE A. JOHNSON*
                                          First Assistant
                                          Federal Public Defender