# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:18CR00387 |
| Plaintiff, | : | |
| | : | JUDGE JAMES G. CARR |
| -vs- | : | |
| | : | |
| STEVEN J. ROBISON, | : | **AFFIDAVIT OF DANIEL O'KELLY** |
| Defendant. | : | |

I, Daniel O'Kelly, being duly sworn, do hereby swear and affirm as follows:

1) I presently operate the International Firearm Specialist Academy (IFSA). IFSA offers training which permits a firearm professional to become accredited as a Certified Firearm Specialist. This certification establishes that a person is competent in the areas of safe and accurate firearm and ammunition handling, classification, and identification.

2) I have extensive experience in the field of firearms and ammunition and their use in law enforcement. I was employed with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) as a Special Agent for more than 23 years. While employed at ATF, I held the following positions:

   - Lead Firearm Technology Instructor at the ATF National Academy
   - Co-author of the curriculum taught to new ATF Agents and Investigators
   - Manager of the ATF undercover program
   - Supervisory Special Agent for the State of Delaware
   - In-service instructor, presenting seminars on all aspects of firearms, ammunition and explosives



DEFENDANT'S EXHIBIT F-1

3) I have extensive background as an "armorer," which in a layperson's terms is basically a firearms mechanic, experienced in the making, repair, and operation of firearms. I hold armorer certifications from thirteen firearms manufacturers, including Beretta, Colt, Smith & Wesson, Remington, SIG Sauer, and Heckler & Koch.

4) At the request of First Assistant Federal Public Defender Jacqueline Johnson, I examined discovery provided by the government in this case, including ATF reports (Govt. Bates 16-17, 99-103, and 164-167) and receipts from Jaqua's Fine Guns.

5) The lower receiver reportedly obtained by Mr. Robison is not a "receiver" as defined by governing regulations. When I use the term "lower receiver" in this Affidavit, it does not necessarily mean "receiver" as defined by regulations. Under 27 C.F.R. § 479.11, a receiver is defined as:

> *Frame or receiver.* That part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel.

6) An AR-15 lower receiver does not house the bolt or breechblock. Rather, the bolt of an AR-15 is housed in the part commonly known as the "upper receiver." Further, an AR-15 lower receiver is not threaded at its forward portion to receive the barrel. To the contrary, it doesn't receive the barrel at all. Again, it is the "upper receiver" of the AR-15 that is threaded at its forward position and does in fact receive the barrel.

7) Thus, the lower receiver of an AR-15, such as that at issue in this case, only bears two of the four features listed by ATF in their own definition of a "receiver." The other two features are found in the upper receiver, which ATF does not consider to be a firearm.

8) Because of my extensive experience as an ATF Agent, Supervisory Agent, and instructor, I am familiar with agency rulings on what constitutes a "receiver" and therefore a "firearm" under Section 479.11. I have reviewed a number of these rulings as they have been applied to functionally identical weapons and determined that they are inconsistent and often contradictory.

DEFENDANT'S EXHIBIT F-2

9) The AR15-type rifle is the only rifle for which ATF has determined that the lower rather than upper receiver is a "receiver" as defined in Section 479.11. For all other rifles with upper and lower receivers, ATF calls the upper receiver a "receiver." For example, AR15-type rifles and FAL-type rifles are similar in that they both have an "upper receiver" and a "lower receiver." On both models, the upper receiver is threaded at its forward portion to receive the barrel, and it houses the bolt or breechblock; on both models the lower receiver houses the hammer and firing mechanism. Under Section 479.11's definition, the upper receiver for each rifle meets two of the four conditions for being a "receiver," but ATF has always held that the upper receiver for an AR15 type firearm is not a "receiver" under Section 479.11 and therefore not a "firearm." Rather, according to ATF, it is the AR15 lower receiver that is the "receiver" and therefore a "firearm."

10) By contrast, ATF has ruled that for a FAL-type firearm, the upper receiver is a "receiver" under Section 479.11 and is therefore a firearm, and that the lower receiver is nothing of legal consequence. These completely opposing views are irreconcilable and, given the clear terminology of Section 479.11, contradictory.

Affiant further sayeth naught.

2/27/19
Date

Daniel O'Kelly

Sworn to and affirmed before me on this 27 day of February, 2019.

Notary Public

DEREK VAN DER KAAY
Notary Public, State of Florida
Commission# GG 259574
My comm. expires Sept. 17, 2022

3

DEFENDANT'S EXHIBIT
F-3