IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD ROWOLD, <br><br> Defendant. | Case no. 3:18CR387-JGC <br><br> Hon. James G. Carr <br> Magistrate Judge James Knepp <br><br> <u>DEFENDANT RICHARD ROWOLD'S POST-HEARING MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u> |

<u>MEMORANDUM</u>

Defendants Richard Rowold and Steven Robison are both charged in Count 1 of the indictment with violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 2 (false statement in the acquisition of a firearm).

Defendant Rowold is charged in Count 2 of the indictment with violation of 18 U.S.C. § 922(g) (felon in possession of a firearm).

Defendant Robison has moved to dismiss Count 1, and defendant Rowold has moved to dismiss both Count 1 and Count 2.

On September 26, 2019, the Court conducted a hearing on the motion to dismiss, and ordered the parties to submit post-hearing briefing.

1

1. *The procedural basis for a motion to dismiss a criminal indictment*

Criminal Rule 12(b)(1) permits a party to seek a ruling on any matter that can be determined without trial. The Court can rule on a pre-trial motion to dismiss if the motion raises only questions of law and does not require the trial court to determine contested factual issues. *United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976) (Trial court properly considered pretrial motion to dismiss where "[t]he facts surrounding the alleged offense were virtually undisputed and trial of the substantive charges would not substantially assist the Court in deciding the legal issue raised by the motion to dismiss the indictment.")

2. *The factual basis of the motion to dismiss is not disputed and therefore the motion is properly before the Court*

Both counts of the indictment have as a necessary element the existence of a *firearm*. As to Count 1, the government must prove that defendants Rowold and Robison conspired to make a false statement in the acquisition of a *firearm:* "It shall be unlawful - (1) … for any person in connection with the acquisition or attempted acquisition of any *firearm* ..." 18 U.S.C. 922(a)(6) (italics supplied). As to Count 2, the government must prove that defendant Rowold, having been convicted of a felony, possessed a *firearm*: "It shall be unlawful for any person - (1) who has been convicted [of a felony] … to … possess in or affecting commerce, any *firearm* …" 18 U.S.C.(g)(1) (italics supplied).

The indictment alleges that the firearms at issue are "50 Anderson AM-15 lower receivers." *Indictment* (Doc. 7).

Defendants contend that these so-called lower receivers do not constitute firearms, because they do not meet the definition of a firearm set forth at 18 U.S.C. § 921(a)(3)(B). That subsection states that a *receiver* is a *firearm.* 27 C.F.R. § 478.11 in turn defines a *receiver* as a housing for four specific mechanical components.

The Court heard the testimony of expert witnesses for both parties. Defendants' witness, Daniel O'Kelly, testified that the so-called lower receivers referred to in the indictment are capable of housing only two of the four mechanical components listed in the regulation. The government's expert witness, Daniel Hoffman, did not dispute Mr. O'Kelly's conclusion.

Rather, the government takes the position that, despite the language of its published regulation, the Alcohol Tobacco and Firearms bureau ('ATF') has consistently treated the so-called AR-15 lower receivers as *firearms* for purposes of enforcement of the various applicable gun laws, including 18 U.S.C. § 922.

As argued *infra*, the question at the heart of defendants' motion to dismiss is whether this internal and informal treatment of so-called lower receivers by ATF should be elevated to the force of law, or whether the countervailing C.F.R.

subsection – a regulation created and published by ATF pursuant to its statutory rule-making authority – should have that force of law.

This is purely a question of law, and does not require this Court to make any determination of disputed fact. Defendant's motion to dismiss is therefore properly before the Court. *United States v. Jones, supra.*

3. *Argument in support of dismissal*

   a. <u>The ATF's informal treatment of so-called lower receivers has no bearing on the issue of whether they are firearms, where the relevant federal regulation provides a clear and unambiguous definition of the term 'receiver'</u>

The government is asking this court to ignore the plain language of 27 C.F.R. § 478.11 in favor of ATF's historical treatment of so-called lower receivers.

But to give force of law to ATF's informal and unpublished position – which contradicts the agency's own published regulation - creates an obvious due process violation.

The public is entitled to know what conduct is illegal and to rely on the government's formal pronouncement in that regard. This is a very basic tenet of due process. Rules and laws which fail to provide sufficient notice of illegal conduct are void for vagueness:

> To satisfy due process, "a penal statute [must] define the criminal offense [1] with sufficient definiteness that ordinary people can understand what conduct is prohibited and [2] in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson , 461 U. S. 352, 357 (1983). The void-for-vagueness doctrine embraces these requirements.

4

*Skilling v. United States*, 561 U.S. 358, 402-403 (2010)

Accepting ATF's position in this matter – i.e., giving ATF's informal and internal position on AR-15 lower receivers the imprimatur of law, while ignoring the regulation promulgated by ATF pursuant to its statutory rule-making authority – would require this court to interpret 18 U.S.C. § 922 and 27 C.F.R. § 478.11 in a manner which would not only "encourage arbitrary and discriminatory enforcement." Such an interpretation, being utterly contrary to the express language of that statue and that regulation, would itself be arbitrary.

    b. <u>The Department of Justice has been reluctant to advocate ATF's position</u>

The government appears to recognize that its position is unwise. In the past it has handled the issue raised in the instant case with great timidity. Twice the matter has arisen in criminal prosecutions and twice the government has punted. In *United States v. Jiminez*, 191 F.Supp. 3d 1038 (N.D. Cal. 2016), the Northern District of California agreed with the defendant that a so-called AR-15 lower receiver does not meet the definition of a receiver published at part 27 of the C.F.R., and on that basis dismissed the indictment against Jiminez as violating his due process right to notice.

Not wishing to risk affirmation of this holding in the higher courts, the government chose not to challenge the ruling, as evidenced by then-Attorney

5

General Loretta Lynch's formal notice to Congress that the government would not appeal. *See*, letter from Attorney General to Speaker of the House, dated September 8, 2016 (filed in this case by the Court, Doc. 61).

In fact, the Attorney General's letter succinctly recognized and described the disconnect between ATF's *informal* position and the clear import of ATF's *published regulation*.

In the later prosecution of Joseph Roh, case number 8:14-cr-00167-JVS-1, Southern District of California, the government again backed away rather than advocate ATF's informal position. Roh was charged with illegally manufacturing and dealing in firearms in violation of § 922(a)(1)(A) by manufacturing so-called AR-15 lower receivers. As here, a conviction would require proof that the items were firearms. Following a bench trial Roh filed a motion for acquittal pursuant to Crim. R. 29, arguing that the items in issue did not meet the definition of 27 C.F.R. 478.11 – the same argument advanced by defendants here.

The district court provisionally granted the motion in a Minute Order which this Court provided to the parties for comment, (Doc. 61). Like the Attorney General's letter, the Minute Order succinctly described the issue, and went on to announce that the court would reject the government's position and acquit Mr. Roh on due process grounds.

Rather than allow the court's tentative ruling to become final, the government entered into a plea agreement which offered Mr. Roh a dismissal in exchange for his completion of a diversion program.  The parties filed a brief in support of the court's authority to accept the plea agreement.  (Case no. 8:14-cr-00167-JVS-1, Southern District of California, Doc. 153, filed June 17, 2019).

The brief did not specify the government's reason for dismissal, but later media attention made clear what was between the lines:  the government feared establishing precedent.  ("Federal authorities preferred to let Roh go free rather than have the ruling become final and potentially create case law that could have a crippling effect on the enforcement of gun laws, several sources familiar with the matter told CNN. Each requested anonymity due to the sensitive nature of the case and its possible implications.")  Article by Scott Glover, CNN, https://www.cnn.com/2019/10/11/us/ar-15-guns-law-atf-invs/index.html, viewed October 31, 2019.

    c. <u>Policy concerns cannot validate the government's untenable legal position</u>

The government makes much of the conundrum it faces if its published regulation is taken for what it says.  Weapons such as the AR-15 might in some circumstances escape regulation; longstanding industry custom and usage might be upset; etc.

Those are all problems for ATF to address. But by the rule of law, all roads in the instant case lead to dismissal of the indictment.

The logic is unassailable:

1. The government must prove that the defendants acquired and/or possessed *firearms*, §§ 922(a)(6) and (g);

2. Firearms include *receivers*, § 921(a)(3)(B);

3. For an item to be a receiver *it must be capable of housing all four of the mechanical components* specified in 27 C.F.R. § 478.11.

Without question, the so-called AR-15 lower receivers referenced in the indictment do not house the four mechanical components listed in the regulation. They are therefore not receivers. Since they are not receivers they are not firearms. And since they are not firearms, defendant cannot be convicted of the indicted charges.

It is ATF's responsibility to advance its stated policy with appropriate and valid regulations. ATF has failed in this regard and has thus failed to lawfully vindicate its position. This Court cannot pull a rabbit out of a hat to create the regulation the government needs to advance this prosecution.

The fact is, the express language of 18 U.S.C. § 921(a)(3)(B) and 27 C.F.R. § 478.11 are irredeemably fatal to this prosecution. The indictment should be dismissed.

Respectfully submitted,

s/ Thomas P. Kurt
_____
Thomas P. Kurt
Attorney for Defendant Richard Rowold
610 Adams Street
Toledo, Ohio  43604
Ph. (419) 214-5495

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, the foregoing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

s/ Thomas P. Kurt
_____